**In the Matter of Parental Rights to CHILD X, a minor.**

**DB, Appellant (Respondent),**

v.

**MM and BM, Appellees (Petitioners).**

**No. C–3.**

Supreme Court of Wyoming.

Oct. 10, 1980.

James R. Bell, Casper, for appellant.

Jerry A. Yaap, Casper, for appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

In this case, the trial court terminated the parental rights in Child X of his natural mother, DB, and awarded permanent care, control and custody to MM and BM, the mother and stepfather of X's father. The parental rights were terminated upon a finding by the trial court of abuse and neglect on the part of the natural mother.

On appeal, the mother challenges the sufficiency of the evidence to support the finding of abuse and neglect, particularly in light of our decision in *DS v. Dept. of Public Assistance and Social Services*, Wyo., 607 P.2d 911 (1980), which was announced subsequent to the trial judge's decision letter in the instant case.

However, our research discloses an issue which forecloses our reaching the merits of this case. In the district court proceeding, no attorney was appointed to represent the best interests of the child, and none has appeared at the appellate level.

Section 14–3–211(a), W.S.1977, 1978 Supp., provides:

"(a) The court *shall* appoint counsel to represent any child in a court proceeding in which the child is alleged to be abused or neglected. Any attorney representing a child under this section *shall* also serve as the child's guardian ad litem unless a guardian ad litem has been appointed by the court. The attorney or guardian ad litem shall be charged with representation of the child's best interest." (Emphasis supplied.)

Section 14–3–202(a)(v), W.S.1977, 1978 Supp., provides this definition:

"(v) 'Court proceedings' means child protective proceedings which have as their purpose the protection of a child through an adjudication of whether the child is abused or neglected, and the making of an appropriate order of disposition;"

Compliance with § 14–3–211(a), supra, is mandatory and, therefore, it was improper for the district court to adjudicate the substantive issues without appointing an attorney to protect the welfare of the child.

Since the proceedings below were fatally defective, the orders emanating therefrom are reversed and the matter is remanded to the district court, where a guardian ad litem shall be appointed and a new hearing conducted.

Reversed.

THOMAS, Justice, concurring.

I wholeheartedly concur in the disposition of this case. I am not persuaded that the provisions of § 14–3–211(a), W.S.1977 (1978 Supp.), were intended by the legislature to apply in proceedings conducted pursuant to § 14–2–301, et seq., W.S.1977. Nevertheless, I agree that a *guardian ad litem* should be required in connection with such proceedings.

Rule 17(c), W.R.C.P., provides in part: "... The court *shall* appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person, ..." (Emphasis supplied.)

In *DS v. Department of Public Assistance and Social Services*, Wyo., 607 P.2d 911 (1980), we identified parental rights with respect to the rearing of children as being of constitutional magnitude. Surely the interest of a child in being reared by its natural parents cannot be of a lesser stature. It is noteworthy that in that case, which also was instituted under provision of § 14–2–301, et seq., W.S.1977, a *guardian ad litem* was appointed by the court. I would hold that because of the significant interest of a child in connection with such proceedings the quoted provision of Rule 17(c), W.R.C.P., mandates the appointment of a *guardian ad litem*. Such a requirement is quite consistent with the legislative policy manifested by the provisions of § 14–3–211(a), W.S.1977 (1978 Supp.).